IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

PATSY D. SLOCUM                                                                    PLAINTIFF

V.                                                    CIVIL ACTION NO. 2:19-cv-153-KS-MTP

ALLSTATE INSURANCE COMPANY,
ALLSTATE PROPERTY AND CASUALTY
INSURANCE COMPANY, WILBUR JORDAN,
SAMMY ROBBINS d/b/a SAMMY ROBBINS,
INC., and JOHN DOES 1-5                                                          DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause came before the Court on Plaintiff's Motion to Remand [13].[1] Defendants filed a response, and Plaintiff replied. Having reviewed the parties' submissions and the relevant legal authority, and otherwise being duly advised in the premises, the Court finds the motion is not well taken and will be denied and the claims against Wilbur Jordan and Sammy Robbins dismissed.

## I. BACKGROUND and ALLEGATIONS OF THE AMENDED COMPLAINT

This case arises from a November 12, 2015 fire that destroyed Plaintiff's home, which was insured through a homeowner's policy issued by Allstate. Plaintiff initiated this action on August 18, 2019 in the Circuit Court of Marion County, Mississippi. In her Complaint, Plaintiff named the following Defendants: Allstate Insurance Company ("AIC"); Allstate Property and Casualty Insurance Company ("APCIC"); Wilbur Jordan; and Sammy Robbins. Plaintiff alleges

---

[1] Also pending are the following motions: Motion to Dismiss filed by AIC [2]; Motion to Dismiss filed by APCIC [4]; Motion to Dismiss filed by Sammy Robbins [6]; Motion to Dismiss filed by Wilbur Jordan [21]. The motion for remand must be resolved first. *Cf. Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193 (5th Cir. 2016).

that Jordan is an "employee of Allstate" and that Robbins (d/b/a Sammy Robbins Inc.) is an "agent of Allstate." [1-2] at ¶ 3. In addition, she alleges the following facts:

In November 2014 Robbins, through his company, issued Plaintiff an Allstate policy providing homeowner's coverage. [1-2] at ¶ 8. Plaintiff made timely and complete payments, and the policy was always in full force and effect. *Id*. at ¶ 11.[2] About a year after the policy was issued, the residence was destroyed by fire. *Id*. at ¶ 13. Plaintiff served Allstate with a sworn statement in proof of loss. *Id*. at ¶ 14. Allstate denied the claim and based its refusal on the allegations that the policy is void because Plaintiff willfully concealed or misrepresented material facts regarding the fire—and because the damage to the residence was committed by her or at her direction. *Id*. at ¶ 16. Plaintiff contends such refusal is not valid because Allstate took her statement under oath in February 2016, in which she repeatedly denied knowing the origin of the fire or the person responsible. *Id*. at ¶ 17(a). She was never questioned again by anyone regarding the cause or origin or person responsible for the fire. Id. at ¶ 17(b).

In the month following the fire, Plaintiff completed an inventory list; In January 2016 later Allstate advised her (in a letter written by Jordan) that Allstate would not accept the form "due to a list of 'reasons'" and Allstate had no duty to provide coverage due to the incomplete sworn statement of proof of loss. *Id*. at ¶17(c). The letter advised what steps to take to resubmit the form. [10-1] at pp. 47-48.[3] In February 2016 Plaintiff completed a second inventory list. *Id*. On May 23, 2016, Plaintiff received a notice of denial of the claim, stating that "it is Allstate's position that the fire was incendiary in origin and an insured person procured or intentionally set

---

[2] Plaintiff had built the home in 2000 or 2001, sold it, and then repurchased it when it went into foreclosure. She claims to have been insured with Allstate for over ten years, but seemingly under different policies. [1-2] at ¶¶ 9-11.
[3] The exhibits to the Amended Complaint were not attached to the pleading that was submitted with the Notice of Removal, but were subsequently filed with the Court. [10].

the fire to the premises. Also, it is Allstate's position that you made material misrepresentations and concealed facts during the investigation of the claim and your examination under oath, and you failed to cooperate with Allstate's investigation. Therefore, Allstate hereby denies your claim." [10-1] at p. 60. Plaintiff wrote to Allstate on June 28, 2016 and asked for clarification as to why her claim was denied. [10-1] at p. 59. Plaintiff alleges that she never received an answer and has never received any information or explanation as to how she was involved or had knowledge of any criminal wrong doings that caused the fire. [1-2] at ¶ 17(d).

Plaintiff brought the following claims:

> Count I against Allstate Property and Casualty Insurance Company to recover under the policy of insurance;
>
> Count II against all Defendants for bad faith in failure to pay, denial of claims, delay, and investigation;
>
> Count III against all Defendants for bad faith in adjusting the claim and gross negligence;
>
> Count IV against Allstate Property and Casualty Insurance Company for breach of contract;
>
> Count V against Allstate Property and Casualty Insurance Company for tortious breach of contract;
>
> County VII[4] against all Defendants for Negligent and Intentional Infliction of Emotional Distress;
>
> Count VIII against Allstate Insurance Company for Respondeat Superior;[5]
>
> Count IX against Allstate Property and Casualty Insurance Company for Waiver; and
>
> Count X against Allstate Property and Casualty Insurance Company for Estoppel.

---

[4] The Amended Complaint inadvertently skips Count VI.
[5] *Respondeat Superior* is actually a theory of liability rather than a separate cause of action. *See Turner v. Upton County*, 915 F.2d 133, 138 n.7 (5th Cir. 1990).

Plaintiff alleged her causes of action in Counts II, III, and VII collectively against all named defendants with no specific actions attributable to any particular Defendant. Plaintiff also sued John Does 1-5. These are fictitious entities, unidentified, whose presence may be disregarded. *See* 28 U.S.C. § 1441 (b)(1).

API and APCIC removed the case to this court, based on 28 U.S.C. § 1332, contending in their removal papers that jurisdiction is proper because none of the *properly* joined parties are citizens of Mississippi. API and APCIC assert that the citizenship of Defendants Jordan and Robbins should be disregarded for various reasons. First, API and APCIC argue that Plaintiff fails to state a claim against the in-state defendant because her allegations are conclusory and lumped in with allegations against all Defendants. Second, both Jordan and Robbins are agents for a disclosed principal and thus, can have no liability for the claims against the company issuing the policy of insurance. And finally, with regard to Jordan, API and APCIC contend that an insurance adjuster can incur no personal liability, unless there is evidence of gross negligence, malice or reckless disregard for the rights of the Plaintiff, and Plaintiff has made no such claim. Accordingly, API and APCIC argue, these two nondiverse Defendants were fraudulently joined to defeat diversity jurisdiction in this action because Plaintiff cannot establish a cause of action against them.[6]

---

[6] The Fifth Circuit uses the term "fraudulent joinder" and "improper joinder" interchangeably, but the preferred term is "improper joinder." *See Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 n. 1 (5th Cir.2004) (en banc) (stating that "[a]lthough there is no substantive difference between [fraudulent joinder and improper joinder], 'improper joinder' is preferred."). The term "fraudulent joinder" has since continued to be used by the Fifth Circuit. *See, e.g., Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 573 (5th Cir. 2006) (stating "under the fraudulent joinder doctrine, federal removal jurisdiction is premised on diversity and cannot be defeated by the presence of an improperly-joined nondiverse and/or in-state defendant."). The Court may use either term to refer to the same doctrine.

On October 28, 2019, Plaintiff filed her Motion to Remand [13], in which she argues, among other things, that she has more than met the burden of notice pleading in stating a cause of action against Jordan and Robbins.[7]

## II. DISCUSSION

### A. Applicable Law

Federal courts are courts of limited jurisdiction, whose jurisdiction is conferred by the Constitution or Congress. *See Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014); *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* 668 F.3d 281, 286 (5th Cir. 2012). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Nowlin v. United States*, 81 F. Supp. 3d 514, 524 (N.D. Miss. 2015). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008).

"Defendants may remove an action on the basis of diversity of citizenship if there is complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Property Co. v. Roche*, 546 U.S. 81, 84, 126 S. Ct. 606, 163 L. Ed. 2d 415 (2005). In this case, Plaintiff and Defendants Wilbur Jordan and Sammy Robbins are all citizens of the State of Mississippi. (CITE). Thus, facially, complete diversity does not

---

[7] Plaintiff's main argument is that she has adequately stated a claim. Another is that Allstate did not allege sufficient jurisdictional facts in its Notice of Removal to support federal diversity jurisdiction. [14] at p. 3. This argument is without merit. Of course, Allstate has yet to meet its burden, the facts stated in the Notice of Removal readily admit that Robbins and Jordan are citizens of Mississippi. The question at issue is whether they were improperly joined such that complete diversity would exist upon their being dismissed from the case. Plaintiff also raises the issue of piercing the pleadings and requests that the Court not do so. [14] at p. 6. Because there is no need for outside evidence, the Court has made no attempt to pierce the pleadings.

exist. However, because the removal statute provides as follows: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if *any of the parties in interest properly joined* and served as defendants is a citizen of the State in which such action is brought," 28 U.S.C. § 1441(b)(emphasis added), if a defendant is not properly joined, then removal would again be proper. *See Smallwood v. Central Ill. Railroad Co.*, 385 F.3d 568, 573 (5th Cir. 2004). "The party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper." *Id*. at 574.

The Fifth Circuit has recognized two ways to establish improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id*. at 573 (quoting *Travis v. Irby*, 326 F.3d 644, 646–47 (5th Cir.2003)). There is no dispute regarding the citizenship of the parties and no allegations of fraud; thus, only the second means is at issue.

In this Circuit, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id*. One of the means of predicting whether a plaintiff has a reasonable basis of recovery under state law is to "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state laws against the in-state defendant." *Id*.

### B. Preliminary Issues

#### 1. Burden of Proof

Before beginning the analysis of whether there is reasonable basis for predicting that state law might impose liability on the facts involved, the Court wishes to address a preliminary

matter. Plaintiff states in her Memorandum of Law that Defendants must prove by "clear and convincing evidence" that Sammy Robbins and Wilbur Jordan have been fraudulently joined. [14] at p. 6. However, that is not the standard to be applied here, as Defendants have no such burden in this particular fraudulent joinder analysis. In support of that statement, Plaintiff cites to *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181 (5th Cir. 1990). That case, however, involved a potentially collusive assignment that would destroy diversity and defeat removal, The *Grassi* court mentioned the clear and convincing standard in the context of fraudulent joinder only for the proposition that if a claim is found to have been stated against a nondiverse defendant, the only way to attack the joinder is by proving fraud in the pleading of jurisdictional facts, which must be proven by clear and convincing evidence. *Id.* at 186. There is no allegation of fraud in the pleadings here, just as there was no such allegation in the *Grassi* case. As stated earlier, Defendants argue the second ground for finding fraudulent joinder—the ability to recover under state law. Such analysis does not utilize a clear and convincing burden of proof—only a Rule 12(b)(6) type of analysis based on the allegations of the Complaint.

### 2. Proper pleading standard

The Fifth Circuit has clarified that a Rule 12(b)(6) analysis necessarily incorporates the federal pleading standard articulated in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). *See Int'l Energy Ventures Mgmt., LLC v. United Energy Grp., Ltd.*, 818 F.3d 193, 204 (5th Cir. 2016). In her Reply, claims that state pleading standards apply and cites to this Court's opinion in *Mooney v. Shelter Mutual Insurance Company*, No. 2:17-cv-204-KS-MTP at CM/ECF Doc. No. [30] entered on March 12, 2018. In that case, this Court stated that because "Mississippi's Rule 12(b)(6) standard is less rigorous than the federal standard, the Court applies the Mississippi standard." However, the Court mistakenly cited to a 2015 fellow District Court

opinion and relied on language contained therein that predated the Fifth Circuit's 2016 opinion in *International Energy*. The Court is bound by Fifth Circuit precedent, and therefore, must apply the federal pleading standards.

### C. Analysis of Fraudulent Joinder

In conducting the Rule 12(b)(6) analysis, although Plaintiff's complaint need not set forth "detailed factual allegations," the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiffs obligation is to supply "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Rather, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Iqbal*, 556 U.S. at 662. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In evaluating the sufficiency of a complaint under Rule 12(c), the court must construe the complaint liberally and accept all of the plaintiff's well-pleaded factual allegations as true. *See In re Katrina Canal Breaches Litig*., 495 F.3d 191, 205 (5th Cir. 2009). Keeping these principles in mind, the Court will now assess the validity of Plaintiff's claims against Robbins and Jordan.

#### 1. Shotgun Pleadings

AIC and APCIC contend that Plaintiff has failed to state a claim against the in-state defendants because Plaintiff's Amended Complaint does not allege facts that support a cause of action against them, as there are no facts directed specifically at either Jordan or Robbins, but rather lumps them in with all defendants who allegedly engaged in wrongful conduct. AIC and

APCIC go on to argue that the allegations are of a conclusory and generalized nature and make no attempt to differentiate between Jordan and Robbins and the other defendants.

Plaintiff does not address the adequacy of her pleadings in this regard, but rather argues that Jordan and Robbins have not been fraudulently joined because she has adequately pled a negligence cause of action against them. [14] at p. 7. However, the Court has found no allegations in Counts I through X of the Amended Complaint that support a claim for simple negligence. Even under a Rule 8 notice pleading standard and although pleadings are not to merely recite the elements of a claim, there is no mention of any "duty, breach, causation, or damages,"[8] and certainly not particularly pertaining to these two individual Defendants. Regardless, as to Robbins, who is alleged to be an agent of Allstate, Mississippi law does not recognize a cause of action against an insurance agent for simple negligence. *See Bass v. Cal. Life Ins. Co.*, 581 So. 2d 1087, 1090 (Miss.1991).

The Court agrees with AIC and APCIC that the allegations of Plaintiff's complaint are vague and fail to identify the particular actions of Robbins and Jordan that would give rise to individual liability. However, the Court is not convinced that mere inadequacy of the pleadings, for which a plaintiff would normally have an opportunity to amend, is enough to conclude that there is *no possibility* of recovery by the plaintiff against these in-state defendants. While it may be true that shotgun pleadings are disfavored, AIC and APCIC have not cited to any binding precedent[9] in the context of removal and a motion to remand, wherein a court has held that

---

[8] *See Rogers v. Barlow Eddy Jenkins P.A.*, 22 So. 3d 1219, 1222 (Miss. Ct. App. 2009)(reciting elements of a negligence claim). Plaintiff refers to Allstate's contractual duty ([1-2] at ¶16), but Robbins and Jordan, individually, are not parties to a contract with Plaintiff.

[9] AIC and APCIC cite to *McAfee v. Allstate*, No. 3:18-cv-300, 2019 WL 4783107 (S.D. Miss. Sept. 29, 2019). However, that is a fellow district court ruling and not binding precedent.

shotgun pleadings alone provide an adequate basis for concluding that a nondiverse defendant has been improperly joined to defeat diversity jurisdiction.

## 2. Insurance Agent and Adjuster Liability

Defendants have asserted there is no possibility of recovery under state law because under Mississippi law, the agent of a disclosed principal cannot be held individually liable for the torts of the principal. [1] at p. 3. Mississippi law is clear that:

> [T]he general rule is that an agent for a disclosed principal incurs no liability for a breach of duty or a contract perpetrated by its disclosed principal and a third party. Bound by *Erie*, the district courts have accordingly held that an agent of a disclosed principal, acting within the authority of his agency, will not be personally liable where a third party brings an action for a breach of contract against the principal. Exceptions to this general rule have been made where plaintiff has made allegations which establish a separate and independent tort against the agent.

*Gray v. U.S. Fid. & Guar.*, 646 F. Supp. 27, 29–30 (S.D. Miss. 1986) (internal citations omitted). In particular as to insurance adjusters, like Jordan, they "can only incur independent liability when [his/her] conduct constitutes gross negligence, malice, or reckless disregard for the rights of the insured." *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So. 2d 777, 784 (Miss. 2004).

Plaintiff attempts to refute this law by arguing that "when corporate officers directly participate in or authorize the commission of a wrongful act, even if the act is done on behalf of the corporation, they may be personally liable." [14] at p. 7. All of the cases Plaintiff relies on either involve corporate officers or are simply not analogous to this case. For example, Plaintiff cites to *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300 (5th Cir. 1991) and *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168 (5th Cir. 1985), both of which involve officers of the corporations being sued. Nothing in the record establishes that either Jordan or Robbins are *corporate officers* of Allstate. In the Amended Complaint, Plaintiff herself alleges that Jordan is

an "employee of Allstate" and that Robbins is an "agent of Allstate." [1-2] at ¶¶ 3, 4. Therefore, Plaintiff's reliance on case law dealing with corporate officers is misplaced.

### a. Gross Negligence

Given the state of Mississippi law, this Court must look to the allegations of the Amended Complaint to determine if Plaintiff has made allegations which establish a separate and independent tort against either of these agents. Plaintiff claims she has alleged a claim of gross negligence against both Jordan and Robbins. "Gross negligence is that course of conduct which, under the particular circumstance, discloses a reckless indifference to consequences without the exertion of any substantial effort to avoid them." [14] at p. 10 (citing *Dame v. Estes*, 101 So. 2d 644 (Miss. 1958)).

In the Amended Complaint, as to Count III, Plaintiff states: "The actions and inactions of . . . . Wilbur Jordan and Sammy Robbins, Allstate agent for Sammy Robbins Inc., described above, constitute bad faith adjusting and gross negligence and reckless disregard of [Plaintiff's] rights . . . ." Upon review of the actions previously alleged in the Amended Complaint, the Court finds that Plaintiff has failed to adequately state a claim for gross negligence against either Jordan or Robbins. This is why the shotgun pleadings are disfavored. In her complaint she lumps all Defendants together and makes no differentiation between Defendants as to any action taken. Plaintiff claims that all Defendants wrongfully and in bad faith withheld benefits due; failed to provide coverage or benefits for her claims; unreasonably delayed and refused to provide coverage or benefits; failed to timely investigate and adjust her claims; purposefully delayed investigation and unreasonably denied her claims; refused to pay; and acted fraudulently, maliciously, oppressively and outrageously toward her, with conscious disregard for her rights. [1-2] at ¶¶ 21-27. These adjectives are merely labels, and the statements only legal conclusions.

It is clear that the gravamen of Plaintiff's complaint is the denial of her claim, resulting in lack of payment. These are actions for which neither Robbins nor Jordan have control. She clearly acknowledges, "Allstate notwithstanding its contractual duty under said insurance policy to pay [Plaintiff] for the losses sustained by her as a result of the hereinabove fire, failed and refused to pay . . . ." [1-2] at ¶ 16. She goes on: "The reason advanced by Allstate for its refusal to make payments to [Plaintiff] pursuant to the policy of insurance herein are not valid, legitimate, arguable reasons for nonpayment . . . ." *Id*. at ¶ 17. Taking the allegations in a light most favorable to Plaintiff, the Court finds that the Amended Complaint does not allege actions on the part of Robbins or Jordan that would constitute gross negligence. Thus, this claim is due to be dismissed. In addition, under the general law regarding agents of a principal, the claims in Count II for bad faith in failure to pay, denial of claims, delay, and investigation are not recoverable against Jordan or Robbins and are due to be dismissed.

### b. Negligent and Intentional Infliction of Emotional Distress

Plaintiff claims she has adequately alleged a claim of negligent infliction of emotional distress against Jordan and Robbins and argues that such injury was foreseeable and that the question of foreseeability is for a jury to decide. However, the Court finds there are not enough facts alleged, particularly against Jordan or Robbins individually, that would indicate any type of infliction of emotional distress. Other than the choice adjective used, there is nothing showing vindictiveness or malice or oppression. The actions at issue are non-payment of a claim based on a denial of coverage and a failure to provide any further explanation. These are hardly actions worthy of causing emotional distress, and not actions taken by Robbins or Jordan individually, but, at best, as agents of Allstate. Accordingly, the Court finds that, even taking the allegations of the Amended Complaint in the light most favorable to the Plaintiff, she has failed to plead a

cause of action for either brand of infliction of emotional distress against Jordan or Robbins, and these claims are due to be dismissed.

These being the only claims named against Jordan and Robbins, the Court finds that there is no reasonable basis to predict that the plaintiff might be able to recover against an in-state defendant and remand will be denied.

### III. CONCLUSION

Based on the foregoing, the Court finds that Plaintiff has failed to adequately plead causes of action against the non-diverse Defendants Wilbur Jordan and Sammy Robbins, and therefore would not be able to recover against them under Mississippi law. Therefore, finding that those two Defendants have been improperly joined, the Court hereby **dismisses all claims against them without prejudice**.

It is FURTHER ORDERED that the Motion to Remand [13] is **denied**.

It is FURTHER ORDERED that the Motion to Dismiss filed by Sammy Robbins [6] and the Motion to Dismiss filed by Wilbur Jordan [21] are **denied as moot**.

It is FURTHER ORDERED that the stay of this matter [15], pending the Court's ruling on this Motion to Remand is hereby **lifted**.

The Court will render separate rulings on the Motions to Dismiss filed by Allstate Insurance Company and Allstate Property and Casualty Insurance Company [2, 4]. **Plaintiff is directed to file a response to said motions on or before February 7, 2020, and AIC and APCIC may file a reply to the respective responses on or before February 14, 2020.**

SO ORDERED AND ADJUDGED this 27th day of January 2020.

/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE